**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2814
_____

VAMSIDHAR REDDY VURIMINDI,
Appellant

v.

MR. DAN ACHEK; MRS. MAYA MAHA ELKANSA; ACHEK DESIGN &
CONSTRUCTION CO.,INC.; MR. ALEX LOPEZ; ALX GENERAL CONSTRUCTION
LLC; MR. HENRY I. LANGSAM; MR. BART SACKS; S & L INVESTMENTS;
MRS. JULIET WHELAN; MR. JAMES GABRIEL; MR. EDWARD DEVLIN;
MRS. FRANCES BURNS, Commissioner; CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-05976)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2013

Before:  SCIRICA, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 11, 2013)
_____

OPINION
_____

PER CURIAM

Vamsidhar Reddy Vurimindi appeals from the final order of the United States District Court for the Eastern District of Pennsylvania dismissing his amended complaint with prejudice. We will affirm the judgment of the District Court.

This litigation began when Vurimindi filed a complaint in the Court of Common Pleas of Philadelphia County. After Vurimindi filed two amended pleadings in state court, the action was removed to the District Court in December 2009. The following month, Vurimindi filed a third amended complaint. After various motions to dismiss were filed, Vurimindi attempted to file a fourth amended complaint in the District Court.

The District Court dismissed Vurimindi's third amended complaint, concluding that it did not comply with the pleading requirements of Fed. R. Civ. P. 8.[1] However, the District Court granted Vurimindi leave to file an amended pleading, to be entitled: "First Amended Federal Court Complaint." In doing so, the District Court informed Vurimindi that he could not keep submitting overly lengthy pleadings and recycling prior submissions. Nor could he substitute conclusory statements for facts. Vurimindi subsequently filed his First Amended Federal Court Complaint ("Amended Federal Complaint").

---

[1] The District Court also determined that the third amended complaint did not state claims for civil rights violations as to the City of Philadelphia, did not adequately state any facts supportive of a conspiracy theory, and as to Achek and the other Defendants, did not include facts sufficient to describe the basis of any duty owed by any Defendant to Vurimindi.

According to the Amended Federal Complaint, Vurimindi is the owner of a property located at 1782 Frankford Avenue in Philadelphia, Pennsylvania. S&L Investments is the owner of a building located at 1780 Frankford Avenue, adjacent to Vurimindi's property. Vurimindi asserts that a building located at 1778 Frankford Avenue was demolished by ALX General Construction LLC ("ALX") in September 2008 under the supervision of Achek Design & Construction Co. ("Achek") as per plans submitted by Juliet Whelan. Also that month, ALX began digging under the foundation of 1780 Frankford, causing that property to begin to collapse. Vurimindi claims that later that month, after a wrecking company demolished the party wall between 1780 Frankford and 1782 Frankford, his property sustained multiple structural damages. The Amended Federal Complaint seeks damages in excess of $600,000.

The District Court granted Defendants' motions to dismiss Vurimindi's Amended Federal Complaint, determining that Vurimindi had not corrected the deficiencies that the District Court identified in its prior order. The District Court denied Vurmindi a further opportunity to amend his complaint. Vurimindi appeals the District Court's order.[2]

We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's grant of a motion to dismiss is plenary. McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). As a preliminary matter, Appellees argue that we should

---

[2] We note that a separate appeal filed by Vurimindi, docketed at C.A. No. 11-2815, is taken from this same order. However, because that case involves different defendants in a separate lawsuit, it has not been consolidated with this appeal and will be considered separately.

dismiss this appeal due to the inadequacy of Vurimindi's opening brief. Specifically, they assert that Vurmindi does not discuss, much less challenge, the District Court's primary basis for dismissal of his Amended Federal Complaint--failure to comply with Rule 8. Instead, throughout his brief, Vurimindi attempts to argue the merits of his case.

After reviewing Vurimindi's brief, we agree that the brief is inadequate. While we are under an obligation to liberally construe the submissions of a pro se litigant, see Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009), issues not briefed on appeal--even by parties proceeding pro se--are deemed waived or abandoned. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Vurimindi, who is an experienced pro se litigator, was aware of this requirement at the time he filed his opening brief. See Vurimindi v. Fuqua School of Business, 435 F. App'x 129, 131-32 (3d Cir. 2011).

However, even if Vurimindi had argued in his brief that the District Court erred in determining that his Amended Federal Complaint failed to comply with Rule 8, we would nonetheless find the argument meritless.[3] Even taking into account Vurimindi's status as a pro se litigant, we agree with the District Court that he failed to comply with the basic pleading requirements. His Amended Federal Complaint lacked "short and plain statement[s]" of either the grounds for jurisdiction or of any "claim showing that

---

[3] We review a district court's decision to dismiss claims under Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted).

[he] is entitled to relief." Fed. R. Civ. P. 8(a). Furthermore, Vurimindi's specific allegations were neither "'simple, concise, [nor] direct.'" Westinghouse, 90 F.3d at 702 (quoting Fed. R. Civ. P. 8(e)(1)). Rather, despite the District Court's previous admonition, Vurimindi again set forth multiple conclusory or argumentative statements masqueraded as facts.

The District Court provided Vurimindi with an opportunity to comply with Rule 8 and gave him specific instructions as to what must be included in a proper complaint. Vurimindi did not follow the District Court's directions. Accordingly, granting him leave to file a yet another amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing the Amended Federal Complaint with prejudice. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Westinghouse, 90 F.3d at 703-04.[4] For these reasons, we will affirm the District Court's judgment. Achek's motion for leave to file a supplemental appendix is granted. Vurimindi's motion to expedite the appeal is denied.

---

[4] Because we affirm based on the failure to comply with Rule 8, we need not, and accordingly do not, address whether the District Court was also correct to dismiss the second amended complaint on the additional grounds offered in its opinion.